UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ROJAS, | CASE NO. 1:11-cv-01226-OWW-SMS |
| Petitioner, | ORDER REMANDING CASE FOR LACK OF FEDERAL JURISDICTION AND DENYING AS MOOT MOTION TO PROCEED *IN FORM PAUPERIS* |
| v. | |
| FANNIE MAE, UNITED STATES OF AMERICA, Real Party in Interest, | |
| Respondents. | (Docs. 1 and 2) |

On July 25, 2011, Petitioner Alejandro Rojas filed this action removing a Kern County Superior Court unlawful detainer action (Case No. S-1500-CL) to this Court. Petitioner alleges claims under 42 U.S.C. § 1983 arising from the conduct of the underlying foreclosure action and the pending unlawful detainer action against Petitioner.

Petitioner's constitutional claims are in the nature of an appeal from the underlying foreclosure action, based on alleged substantive and procedural improprieties. A federal district court lacks subject matter jurisdiction to hear an appeal of a state court judgment (the Rooker-Feldman Doctrine). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). *See also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004). In the absence of unambiguous authority to the contrary, a state court is presumed to be an adequate forum in which to raise federal claims. *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). To challenge the order(s) or judgment(s) of the state court, Petitioner must file an appeal with the appellate division of the state court. *Feldman*, 460 U.S. at 482-86; *Rooker*, 263 U.S. at 415-16. Ultimately, appellate

jurisdiction of state court judgments rests in the United States Supreme Court, not in the federal district court.  28 U.S.C. § 1257.

A federal complaint must be dismissed for lack of subject matter jurisdiction if the claims raised in the complaint are inextricably intertwined with the state court's decisions so that adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.  *Bianchi*, 334 F.3d at 898.  Put another way, a claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it or if the relief requested in the federal action would effectively reverse the state court's decision or void its ruling. *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002).

This Court lacks subject matter jurisdiction over Petitioner's claimed violations of constitutional and other federally protected rights in connection with the state court's adjudication of the foreclosure action.  Accordingly, Petitioner's federal complaint must be dismissed and the matter remanded to Kern County Superior Court.

Petitioner has also moved to proceed *in forma pauperis* (Doc. 2).  Because this order dismisses the federal claims and remands the underlying state complaint for unlawful detainer, the motion to proceed *in forma pauperis* is moot.

This action is **HEREBY DISMISSED** for lack of federal jurisdiction and the unlawful detainer action is remanded to Kern County Superior Court.

IT IS SO ORDERED.

**Dated:   July 27, 2011**              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE